Slip Op. 21-55

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| RISEN ENERGY CO., LTD., <br><br> Plaintiff, <br><br> and <br><br> SUNPOWER MANUFACTURING OREGON, LLC, <br><br> Consolidated Plaintiff, <br><br> and <br><br> SHANGHAI BYD CO., LTD. ET AL., <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> SUNPOWER MANUFACTURING OREGON, LLC ET AL., <br><br> Defendant-Intervenor and Consolidated Defendant-Intervenors. | Before: Claire R. Kelly, Judge <br><br> Consol. Court No. 19-00153 |

## OPINION

[Sustaining the U.S. Department of Commerce's remand redetermination in the fifth administrative review of the antidumping duty order on crystalline silicon photovoltaic cells, whether or not assembled into modules from the People's Republic of China.]

Dated: May 5, 2021

Gregory S. Menegaz, Alexandra H. Salzmanm, and J. Kevin Horgan, deKieffer & Horgan, PLLC, of Washington, DC, for plaintiff.

Timothy C. Brightbill, Laura El-Sabaawi, and Enbar Toledano, Wiley Rein, LLP, of Washington, DC, for consolidated plaintiff and defendant-intervenor SunPower Manufacturing Oregon, LLC.

Craig A. Lewis, Jonathan T. Stoel, Nicholas A. Sparks, Michael G. Jacobson, and Lindsay K. Brown, Hogan Lovells US LLP, of Washington, DC, for plaintiff-intervenors Canadian Solar, Inc., Canadian Solar International Limited, Canadian Solar Manufacturing (Changshu), Inc., Canadian Solar Manufacturing (Luoyang), Inc., CSI Cells Co., Ltd., CSI-GCL Solar Manufacturing (YanCheng) Co., Ltd., Canadian Solar (USA), Inc. and Shanghai BYD Co., Ltd.

Neil R. Ellis, Richard L.A. Weiner, Rajib Pal, Shawn M. Higgins, and Justin R. Becker, Sidley Austin, LLP, of Washington, DC, for plaintiff-intervenors Yingli Green Energy Holding Co., Ltd., Baoding Tianwei Yingli New Energy Resources Co., Ltd., Tianjin Yingli New Energy Resources Co., Ltd., Hengshui Yingli New Energy Resources Co., Ltd., Lixian Yingli New Energy Resources Co., Ltd., Baoding Jiasheng Photovoltaic Technology Co., Ltd., Beijing Tianneng Yingli New Energy Resources Co., Ltd., Hainan Yingli New Energy Resources Co., Ltd., Shenzhen Yingli New Energy Resources Co., Ltd., Yingli Green Energy International Trading Co., Ltd., and Yingli Energy (China) Co., Ltd.

Joshua E. Kurland, Trial Attorney, Commercial Litigation Branch, U.S. Department of Justice, of Washington, DC, for defendant. Also on the briefs were Ethan P. Davis and Brian M. Boynton, Acting Assistant Attorneys General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director. Of counsels were Ayat Mujais and Leslie M. Lewis, Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

Ned H. Marshak, Dharmendra N. Choudhary, and Jordan C. Kahn, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, of New York, NY, and Washington, DC, for consolidated defendant-intervenors Chint Solar (Zhejiang) Co., Ltd., Chint Energy (Haining) Co., Ltd., Chint Solar (Jiuquan) Co., Ltd., and Chint Solar (Hong Kong) Company Limited.

Consol. Court No. 19-00153                                                                 Page 3

Kelly, Judge:   Before the court is the U.S. Department of Commerce's ("Commerce") remand redetermination filed pursuant to the court's order in Risen Energy Co. v. United States, 44 CIT __, 477 F. Supp. 3d 1332 (2020) ("Risen I").  See also Final Results of Redetermination Pursuant to Ct. Order, Jan. 27, 2021, ECF No. 86-1 ("Remand Results").  In Risen I, the court sustained in part and remanded in part Commerce's final determination in the fifth administrative review of the antidumping duty ("ADD") order on crystalline silicon photovoltaic cells, whether or not assembled into modules ("solar cells") from the People's Republic of China ("PRC" or "China").  See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the [PRC], 84 Fed. Reg. 36,886 (Dep't Commerce July 30, 2019) (final results of [ADD] admin. review and final determination of no shipments; 2016–2017) ("Final Results") and accompanying Issues and Decisions Memo for the [Final Results], A-570-979, (July 24, 2019), ECF No. 33-2 ("Final Decision Memo").

The court ordered Commerce to 1) reconsider or explain application of partial facts otherwise available with an adverse inference ("AFA")[1] to Risen, and 2) incorporate, to the extent required by law, any adjustments to Risen's dumping

---

[1] Parties and Commerce sometimes use the shorthand "AFA" or "adverse facts available" to refer to Commerce's reliance on facts otherwise available with an adverse inference to reach a final determination.  AFA, however, encompasses a two-part inquiry established by statute.  See Section 776 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1677e(a)–(b) (2018).  It first requires Commerce to identify information missing from the record, and second, to explain how a party failed to cooperate to the best of its ability as to warrant the use of an adverse inference when "selecting among the facts otherwise available."  Id.

Consol. Court No. 19-00153 Page 4

margin resulting from the remand redetermination into its calculation of the separate rate or separate rates applicable to individual respondents. See Risen I, 44 CIT at \_\_, 477 F. Supp. 3d at 1348. In its Remand Results, Commerce, under respectful protest,[2] decides not to apply an adverse inference in selecting from among the facts otherwise available in calculating Risen's dumping margin. See Remand Results at 1–2. Commerce instead "average[s] consumption rates reported by Risen for the relevant control numbers in place of the unreported [factors of production ("FOP")] consumption rates." Id. at 4. No party filed comments on the Remand Results with the court. Defendant requests that this court sustain Commerce's remand results. See Defendant's Request to Sustain [Remand Results] at 1–2, Mar. 26, 2021, ECF No. 88 ("Def.'s Br."). For the reasons that follow, the court sustains Commerce's Remand Results.

## BACKGROUND

The court presumes familiarity with the facts of this case as set out in its previous opinion ordering remand to Commerce, and now recounts those relevant to the court's review of the Remand Results. See Risen I, 44 CIT at \_\_, 477 F. Supp. 3d at 1337–39. In 2012, Commerce published the ADD order covering solar cells from China. See generally Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the [PRC], 77 Fed. Reg. 73,018 (Dep't Commerce Dec.

---

[2] By adopting a position forced upon it by the Court "under protest," Commerce preserves its right to appeal. See Viraj Grp., Ltd. v. United States, 343 F.3d 1371, 1376 (Fed. Cir. 2003).

7, 2012) (amended final determination of sales at less than fair value, and [ADD] order). On February 23, 2018, in response to timely requests, Commerce initiated its fifth administrative review of the ADD Order. See generally Initiation of [ADD] & Countervailing Duty Admin. Reviews, 83 Fed. Reg. 8,058 (Dep't Commerce Feb. 23, 2018). Commerce chose Risen and Chint Solar Zhejiang Co., Ltd. ("Chint Solar") as mandatory respondents. See Resp't Selection Memo [for 2016-2017 Admin. Review] at 6, A-570-979, PD 79, bar code 3682915-01 (Mar. 15, 2018) (selection of Risen as mandatory respondent);[3] Second Resp't Selection Memo [for 2016-2017 Admin. Review] at 1, A-570-979, PD 147, bar code 3696673-01 (Apr. 19, 2018) (selection of Chint Solar as additional mandatory respondent); Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the [PRC], 83 Fed. Reg. 67,222 (Dep't Commerce Dec. 28, 2018) (prelim. results of [ADD] admin. review and prelim. determination of no shipments; 2016–2017) ("Prelim. Results") and accompanying

---

[3] On November 12, 2019, Defendant submitted indices to the confidential and public administrative records underlying Commerce's final determination. These indices are located on the docket at ECF No. 33-3–4, respectively. Subsequently, on February 1, 2021, Defendant submitted indices to the confidential and public administrative record underlying Commerce's remand redetermination. These indices are located on the docket at ECF No. 87-2–3, respectively. All further references in this opinion to documents from the initial administrative record are identified by the numbers assigned by Commerce in those indices and preceded by "PD" and "CD" to denote public or confidential documents. All references to documents in the administrative record underlying the remand redetermination are similarly identified by the numbers assigned by Commerce in those indices and preceded by "PRR" and "CRR" to denote public or confidential documents.

Decision Memo for the [Prelim. Results] at 2–3, 7–9, A-570-979, PD 497, bar code 3785207-01 (Dec. 20, 2018) ("Prelim. Decision Memo").

Plaintiff Risen and Plaintiff-Intervenors challenged Commerce's decision to apply partial AFA when calculating the normal value of Risen's entries of subject merchandise to fill gaps in the record caused by the refusal of certain unaffiliated suppliers to cooperate with Commerce's investigation. See, e.g., Pl. [Risen's] Memo Supp. Mot. J. Agency R. at 1–2, 14–34, Mar. 26, 2020, ECF No. 40-2; Pl.-Intervenors' [Canadian Solar & Shanghai] Memo Supp. Mot. J. Agency R. at 2–3, 9–18, Mar. 26, 2020, ECF No. 42-1. In Risen I, the court remanded on the issue of applying partial AFA to Risen. See Risen I, 44 CIT at __, 477 F. Supp. 3d at 1348.

In its Remand Results, Commerce reconsiders its application of partial AFA to Risen, and under respectful protest, Commerce declines to apply partial AFA, and instead relies on consumption rates provided by Risen to fill in the missing FOP consumption rates. See Remand Results at 1–2, 4. No party filed comments to the Remand Results. Defendant requests that this court sustain the Remand Results. See Def.'s Br. at 1–2.

### JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction pursuant to Section 516A of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2018)[4] and 28 U.S.C. § 1581(c) (2018),[5]

---

[4] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2018 edition.

[5] Further citations to Title 28 of the U.S. Code are to the 2018 edition.

which grant the court authority to review actions contesting the final determination in an administrative review of an ADD order. The court will uphold Commerce's determination unless it is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). "The results of a redetermination pursuant to court remand are also reviewed 'for compliance with the court's remand order.'" Xinjiamei Furniture (Zhangzhou) Co. v. United States, 38 CIT __, __, 968 F. Supp. 2d 1255, 1259 (2014) (quoting Nakornthai Strip Mill Public Co. v. United States, 32 CIT 1272, 1274, 587 F. Supp. 2d 1303, 1306 (2008)).

## DISCUSSION

On remand, Commerce reconsiders its decision and, under respectful protest, decides not to apply partial AFA to Risen when calculating the normal value of Risen's entries of subject merchandise to fill gaps in the record (missing FOP consumption rates) that exist because of uncooperative, unaffiliated suppliers. See Remand Results at 1–2. Rather, Commerce averages the consumption rates that Risen provided and uses the calculated average to fill in the missing FOP consumption rates. See id. at 4. No party filed comments on the Remand Results, and Defendant requested that the court affirm the remand redetermination. See Def.'s Br. at 1–2.

To determine the normal value of the subject merchandise in NME countries Commerce solicits input data and surrogate values for those inputs from the parties. See e.g., Globe Metallurgical, Inc. v. United States, 32 CIT 1070, 1075 (2008). Where,

Consol. Court No. 19-00153                                                                                           Page 8

despite its solicitations, information necessary to calculate normal value is not available on the record, Commerce uses "facts otherwise available" in place of the missing information. See 19 U.S.C. § 1677e(a)(1).[6] If Commerce further "finds that an interested party has failed to cooperate by not acting to the best of its ability to comply with a request for information," Commerce may apply "an inference that is adverse to the interests of that party in selecting from among the facts otherwise available[.]" Id. § 1677e(b)(1). However, under certain circumstances, Commerce may incorporate an adverse inference under § 1677e(a) in calculating a cooperative respondent's margin, if doing so will yield an accurate rate, promote cooperation, and thwart duty evasion. See Mueller Comercial de Mexico S. De R.L. de C.V. v. United States, 753 F.3d 1227, 1232–36 (Fed. Cir. 2014) ("Mueller"). When analyzing the use

---

[6] 19 U.S.C. § 1677e(a) also applies where an interested party or any other person—

    (A) withholds information that has been requested by the administering authority or the Commission under this title,

    (B) fails to provide such information by the deadlines for submission of the information or in the form and manner requested, subject to subsections (c)(1) and (e) of section 782 [19 USCS § 1677m(c)(1) and (e)],

    (C) significantly impedes a proceeding under this title, or

    (D) provides such information but the information cannot be verified as provided in section 782(i) [19 USCS § 1677m(i)], the administering authority and the Commission shall, subject to section 782(d) [19 USCS § 1677m(d)], use the facts otherwise available in reaching the applicable determination under this title.

19 U.S.C. § 1677e(a)(2).

of an adverse inference as a part of a § 1677e(a) analysis, the predominant concern must be accuracy. See id. at 1233.

Commerce's decision is supported by substantial evidence and complies with the court's remand order. Commerce's use of facts otherwise available—namely, the consumption rates provided by Risen—comports with the relevant statute that instructs Commerce to refer to such facts to fill in missing information. See 19 U.S.C. § 1677e(a)(1). Moreover, Commerce's decision not to use partial AFA to calculate Risen's dumping margin is consistent with the directive from Mueller that accuracy must be the driving force behind a decision to draw an adverse inference. See Mueller, 753 F.3d at 1233. As the court noted in its opinion ordering remand, Commerce, in its final results, did not point to any evidence that applying an adverse inference to Risen, and thus applying the highest FOP consumption rates on the record, would thwart duty evasion, promote cooperation or lead to calculation of an accurate dumping margin. See Risen I, 44 CIT at __, 477 F. Supp. 3d at 1343–44.[7] Commerce now explains the method it uses on remand and no party challenges Commerce's results or its chosen methodology.

---

[7] The court also questioned whether application of the highest FOP on the record furthered Commerce's policy objectives of encouraging cooperation in its investigations by interested parties. See Risen I, 44 CIT at __, 477 F. Supp. 3d at 1342–43.

Consol. Court No. 19-00153 Page 10

## CONCLUSION

For the foregoing reasons, Commerce's <u>Remand Results</u> are supported by substantial evidence and comply with the court's order in <u>Risen I</u>, and are therefore sustained. Judgment will enter accordingly.

<u>/s/ Claire R. Kelly</u><br>
Claire R. Kelly, Judge

Dated:    May 5, 2021
             New York, New York